# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:                              )
                                    )
Jon F. Dilley,                      )    Chapter 7
                                    )    Case No. 04-11907
        Debtor                      )
                                    )

## Order of Correction

Pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(a), the Bankruptcy Court, sua sponte, hereby issues corrected page 1 to its Memorandum of Decision dated September 15, 2005 to correct a typographical error. The corrected page is appended to this Order.

DATED: September 16, 2005

_____
Louis H. Kornreich
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY
DISTRICT OF MAINE

In re: )
) Chapter 7
Jon F. Dilley, )
) Case No. 04-11907
Debtor )
)

# **MEMORANDUM OF DECISION**

This motion for summary judgment arises at the intersection of bankruptcy and criminal law. The primary question is whether the debtor's plea of not guilty to a double homicide is enough to upset an involuntary chapter 7 petition filed by the estate of one of the victims and the conservator for each of her two surviving children. The debtor and the estate of the second victim contend that the petitioners' claims, which originate in the alleged criminal conduct, are "the subject of a bona fide dispute as to liability or amount" within the meaning of 11 U.S.C. § 303(b)(1),[1] as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[2] For the reasons discussed below, summary judgment shall enter for the debtor and the case will be dismissed. The alternative request for abstention will be denied and the demand of the moving parties for costs and fees is reserved for later determination.

---

[1] Unless otherwise noted, all statutory references by section are to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

[2] Public Law 109-8. The effective date of the amendments to § 303(b)(1) is April 20, 2005, the date of enactment of the BAPCPA, including cases commenced before that date. See BAPCPA § 1234. There has been no challenge to the applicability of those amendments in this case.