# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jon F. Dilley, | ) | Chapter 7 |
| | ) | Case No. 04-11907 |
| Debtor | ) | |
| | ) | |

### Order of Correction

Pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(a), the Bankruptcy Court, sua sponte, hereby issues corrected pages 7 and 14 to its Memorandum of Decision dated September 15, 2005 to correct typographical errors. The corrected pages are appended to this Order.

DATED: September 21, 2005

_____
Louis H. Kornreich
United States Bankruptcy Judge

relief from stay deviates from his broader goals of dismissal or abstention. His statements that "[n]o 'cause' for the relief sought has been specified" and that the bankruptcy court "should hear and resolve all issues relating to assets and liabilities of the estate" are surely artful in light of his own wish to exit the bankruptcy court.

## DISCUSSION

### Motion to Dismiss

#### Section 303(b)(1)

Section 303(b)(1) provides that an involuntary case may be commenced upon the filing of a petition "by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute *as to liability or amount* . . . if such noncontingent, undisputed claims aggregate at least $12,300 . . . ." 11 U.S.C. § 303(b)(1) (emphasis supplied to show the language added by the BAPCPA). There is no helpful legislative history on the meaning of this particular change, nor are there any reported cases on point. Yet, one may conclude from the words and the context in which they are found that "as to liability or amount" was added to clarify that a bona fide dispute may be "as to liability or amount." See U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). Besides, this clarification does not appear to be a departure from the broad scope attributed to "bona fide dispute" before the amendment took effect. See, e.g., Platinum Financial Services Corp. v. Byrd (In re Byrd), 357 F.3d 433, 437 (4th Cir. 2004).

The Bankruptcy Code does not define the term "bona fide dispute" and the First Circuit has yet to weigh in on its meaning in § 303(b)(1). Bona fide is a Latin term for good faith. Historically, it is applied to something made or done without fraud or deceit. See Ware v.

-7-

For all of the above reasons, summary judgment will enter for the debtor, and the case will be dismissed.

**Abstention**

As stated above the arguments of both sides on the subject of abstention lack definition. The moving parties press for abstention because, in their view, the best interests of creditors and the debtor lie outside of the bankruptcy court. They offer nothing more weighty than their conclusion on that point. They also suggest that Congress intended that tort claims be litigated in state courts. They may be partially correct on this point. See footnote 5 above.

The Petitioners argue that the abstention request is untimely because it could have been asserted at an earlier time. That may be true, but the timing of the motion did not delay trial on the merits of the petition, which had already been continued before the motion was filed. If anything, this motion has advanced disposition of the case by allowing me to consider these issues without trial. The Petitioners have also expressed concern about the debtor's attempt to establish the Dilley Children's Trust after the involuntary case was commenced. They also see duplicity in the participation of the Murray Estate in these proceedings after it obtained an attachment in state court. Yet, as mentioned above, the Petitioners have sought relief from stay to pursue property questions in the probate court.

The request for abstention will be denied because it lacks a proper evidentiary basis.

**Costs and Attorney's Fees**

The moving parties also ask that the debtor be awarded costs and an attorney's fees under § 303(i). Their request does not include a breakdown of the costs and fees incurred. A properly supported motion shall be considered if it is filed within ten days of entry of the order dismissing

-14-